UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

OREN ADAR, ET AL.                                    CIVIL ACTION

VERSUS                                               NO: 07-6541

DARLENE W. SMITH, in her capacity as                 SECTION: "A" (4)
State Registrar and Director, Office of
Vital Records and Statistics, State of
Louisiana Department of Health and
Hospitals

### ORDER AND REASONS

Before the Court is a **Motion for Summary Judgment (Rec. Doc. 27)** filed by Plaintiffs,

Oren Adar and Mickey Ray Smith, individually and as parents and next friends of J.C.A.-S., a minor

("Plaintiffs"). Defendant Darlene W. Smith, in her official capacity, opposes the motion.  The

motion, set for hearing on December 10, 2008, is before the Court on the briefs without oral

argument. For the reasons that follow, the motion is **GRANTED**.

I.    **BACKGROUND**

Mr. Adar and Mr. Smith, the Plaintiffs, currently live in San Diego, California.  (Compl. ¶

6).  They are adoptive parents of J, born in Shreveport, Louisiana, in 2005.  (*Id.*).  They jointly

adopted J in New York and obtained an Order of Adoption issued by the Ulster County Family

Court, dated April 27, 2006.  (*Id.*).

The Plaintiffs allege that they sought from the Louisiana Office of Public Health, Vital Records Registry, an amended birth certificate from the State of Louisiana that properly identifies both of them as J's legal parents.  (*Id.* at ¶ 8).  According to Plaintiffs, Smith "rejected" the request to issue an amended birth certificate listing the Plaintiffs as J's parents through a letter dated April 27, 2007.  (*Id.* at ¶ 9, See MSJ Exh. 2).  In that letter, Smith concluded that Louisiana law and public policy do not permit her to issue a birth certificate with the names of unmarried adoptive parents. (Pl. Stmt. of Facts p. 3).  Smith further relied on an advisory opinion from the Louisiana Attorney General's Office, which concluded that Louisiana is not required to give full faith and credit to an out-of-state adoption decree that violates Louisiana public policy.  (Pl. Stmt. of Facts p. 3, see MSJ Exh. 3).  Plaintiffs aver that to this day, they have been unable to obtain an accurate birth certificate for their child, which has caused harm to the Plaintiffs.[1]  ( (Pl. Stmt. of Facts p. 6-7).

As a result, the Plaintiffs filed the instant action on October 9, 2007, requesting that the Court enter a judgment in the following respects: (1) declaring that Ms. Smith's refusal to respect Plaintiffs' out-of-state adoption decree and refusal to issue an amended birth certificate for J violates the Full Faith and Credit Clause of the Constitution and Plaintiffs' rights thereunder; (2) declaring that Ms. Smith's refusal to respect Plaintiffs' out-of-state adoption decree and refusal to issue an amended birth certificate for J violates Plaintiffs' rights under the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution; (3) entering an injunction requiring Ms.

---

[1]  Specifically, the Plaintiffs allege that their inability to obtain a birth certificate for Infant J has caused many problems relating to providing medical insurance for Infant J through the Plaintiffs' employer.

Smith, in her official capacity, to issue an amended birth certificate to J.C. A.-S., identifying Oren Adar and Mickey Ray Smith as the child's parents; and (4) awarding reasonable attorneys' fees and costs under 42 U.S.C. § 1988.  (Compl. p. 5).  The Defendant thereafter filed a Motion to Dismiss for Lack of Jurisdiction (Rec. Doc. 6), which was denied by the Court on April 1, 2008.

In the instant motion, the Plaintiffs move for summary judgment arguing that the Defendant's interpretation of Louisiana adoption law is not supported by the statutes.  (MSJ p. 31-32).  The Plaintiffs also argue that Smith's application of the adoption statutes violates the Plaintiffs' rights under the United States Constitution.  (*Id.).*  Specifically, the Plaintiffs argue that the Full Faith and Credit Clause mandates that the Defendant enforce the New York adoption decree without regard to Louisiana's public policy.  (*Id.* at 18).  Further, the Plaintiffs contend that Smith's disparate treatment of the Plaintiffs violates the Equal Protection Clause.  (*Id.* at 27).

In opposition, the Defendant argues that the state rightfully denied the out-of-state "directive" because it was contrary to Louisiana law and public policy.  (Mem. In. Opp. p. 3). Under Louisiana law, Smith contends that her discretion to issue a new birth certificate is limited by what types of adoption are allowed under Louisiana adoption law, and she chose to disregard the portions of the directive that did not conform to the statutes.  (*Id.* at 4).  The Defendant further argues that the Plaintiff failed to make the New York adoption executory under Louisiana law, and her refusal to accept the judgment does not violate the Full Faith and Credit Clause.[2]

## II.    **DISCUSSION**

---

[2]  Smith relied on an advisory opinion written by the Louisiana Attorney General regarding whether refusing the out-of-state directive would violate the Full Faith and Credit Clause.  *See* La. A.G. No. 03-0325.

3

### A. Summary Judgment Standard

Summary Judgment is appropriate only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any," when viewed in the light most favorable to the non-movant, "show that there is no genuine issue as to any material fact." *TIG Ins. Co. v. Sedgwick James*, 276 F.3d 754, 759 (5th Cir. 2002) (citing *Anderson v. Liberty Lobby, Inc.*, 447 U.S. 242, 249-50, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)). A dispute about a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Id.* (citing *Anderson*, 477 U.S. at 255). Once the moving party has initially shown "that there is an absence of evidence to support the non-moving party's cause," *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986), the non-movant must come forward with "specific facts" showing a genuine factual issue for trial. *Id.* (citing Fed. R. Civ. P 56(e); *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986)). Conclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial. *Id.* (citing *SEC v. Recile*, 10 F.3d 1093, 1097 (1993)).

### B. Full Faith and Credit Clause

The United States Constitution states that "Full Faith and Credit shall be given in each State to the public Acts, Records, and judicial Proceedings of every other State. And the Congress may by general Laws prescribe the Manner in which such Acts, Records and Proceedings shall be proved, and the Effect thereof." U.S. Const. Art. IV, § 1. Pursuant to that clause, Congress has enacted 28

U.S.C. § 1738.[3]

The purpose of the full faith and credit clause was to alter the status of the states as independent foreign sovereignties, with each free to ignore the obligations created under the laws or the judicial proceedings of the others, and to instead make them integral parts of a single nation through which a remedy upon a just obligation can be demanded as of right, irrespective of the state of its origin. *Milwaukee County v. M.E. White, Co.,* 296 U.S. 268, 276-77, 56 S.Ct. 229, 80 L.Ed.220 (1935). The United States Supreme Court has stated that its incorporation was for the purpose of transforming sovereign states into a nation, and that the "price" of our federal system means that local policy must sometimes give way. *Sherrer v. Sherrer,* 334 U.S. 343, 355, 68 S.Ct. 1087, 92 L.Ed. 1429 (1948).

In applying the full faith and credit clause, the Supreme Court has drawn a clear distinction between the credit owed to statutes and judgments. *Baker v. Gen. Motors Corp.,* 522 U.S. 222, 233, 118 S.Ct. 657, 139 L.Ed.2d 580 (1998). With regard to statutes, the full faith and credit clause does not require a state to substitute the statutes of another state for its own when dealing with matters in which it is competent to legislate. *Pacific Employers Ins. Co., v. Industrial Accident Comm'n,* 306 U.S. 493, 501 59 S.Ct. 629, 632, 83 L.Ed. 940 (1939); *see also Nevada v. Hall,* 440 U.S. 410, 421-422, 99 S.Ct. 1182, 59 L.Ed.2d 416 (1979), *Franchise Tax Bd. v. Hyatt,* 538 U.S. 488, 494, 123 S.Ct. 1683, 155 L.Ed. 702 (2003) (stating that full faith and credit is "less demanding" with respect

---

[3]  28 U.S.C. § 1738 provides in part: "Such Acts, records and judicial proceedings or copies thereof, so authenticated, shall have the same full faith and credit in every court within the United States and its Territories and Possessions as they have by law or usage in the courts of such State, Territory, or Possession from which they are taken."

to choice of laws).  However, the Supreme Court has made it clear that the full faith and credit obligation of a state is "exacting" with regard to judgments rendered by a court with proper jurisdiction, qualifying such judgments for recognition throughout the nation.  *Baker,* 522 U.S. at 233*. See also Franchise Tax Bd. v. Hyatt,* 538 U.S. 488, 494, 123 S.Ct. 1683, 155 L.Ed. 702 (2003) (affirming the holding in *Baker).*  While a court may be guided by public policy in determining the choice of law, the Court in *Baker* held that there is no "roving public policy exception" to the full faith and credit obligation of states to recognize judgments.  *Baker,* 522 U.S. at 233.  Instead, the Supreme Court has held in a number of cases that full faith and credit must be given to the judgment of another state even if the forum would not be required to entertain the suit under its own laws or the judgment contravenes the public policy of the forum state.  *See Baker,* 522 U.S. 222*; Milwaukee County v. M.E. White, Co.,* 296 U.S. 268, *Magnolia Petroleum Co. v. Hunt,* 320 U.S. 430, 438, 64 S.Ct. 208, 213, 88 L.Ed. 149 (1943), *Fauntleroy v. Lum,* 210 U.S. 230, 237, 28 S.Ct. 641, 643, 52 L.Ed. 1039 (1908).

The Plaintiffs argue that the full faith and credit clause requires that the Defendant recognize the out-of-state adoption decree, and cite extensive caselaw in support of their position.  The Defendant argues that the full faith and credit clause does not require her to accept an out-of-state adoption decree because it contravenes Louisiana law by allowing two unmarried individuals to adopt jointly, a conclusion she reached relying on a Louisiana Attorney General's advisory opinion.[4]

---

[4]  The Attorney General's Opinion, La. A.G. No. 03-0325, relies solely on *Bradford Electric Light Company, Inc., v. Clapper,* 286 U.S. 145, 159, 52 S.Ct. 571, 76 L.Ed. 1076 (1932).  However, the *Clapper* decision dealt with a statute rather than a judgment.  Because this case deals with a judgment, *Clapper* is distinguishable and does not support the Defendant's conclusion.

This Court finds the Defendant's arguments to be without merit. The Plaintiffs' out-of-state adoption decree must be given full faith and credit by Louisiana.

The Defendant in this matter fails to appreciate the long history of precedent regarding full faith and credit of judgments, which has been thoroughly analyzed by the U.S. Supreme Court in *Baker v. Gen. Motors Corp.*[5] While courts have granted some exceptions to full faith and credit regarding statutes, there is no such exception to the full faith and credit obligation regarding judgments. *Id.* at 233. The Defendant (and the Attorney General advisory opinion she relies upon) confuses the issues of Louisiana's obligation to give full faith and credit to a valid out-of-state adoption decree and Louisiana's right to apply its own laws in deciding what rights flow from that judgment. *See Finstuen v. Crutcher,* 496 F.3d 1139, 1153 (10th Cir. 2007) (ruling an Oklahoma statute unconstitutional under the full faith and credit clause because it refused to recognize out-of-state adoptions by states that permit adoption by same-sex couples).[6] While there may be applicable Louisiana laws regarding the enforcement of rights established by a judgment, there is no question that the rights granted by the adoption decree are final and enforceable under the full faith and credit clause. Finally, many courts – including Louisiana's Supreme Court – have held that valid adoption decrees from out-of-state are entitled to full faith and credit. *See Succession of Caldwell,* 38 So. 140

---

[5] 522 U.S. 222.

[6] This Court acknowledges that some of the facts in *Finstuen* are distinguishable from the facts in this case. *Finstuen* dealt with an unconstitutional statute banning the recognition of an out-of-state adoption decree. In the present case, there is a dispute over whether the state registrar is authorized to amend a birth certificate based on an out-of-state adoption decree. However, the core issues that arise in both cases remain the same: the interaction between the full faith and credit clause and the forum state's adoption laws. This Court finds the reasoning in *Finstuen* to be instructive in this matter.

(1905), *Alexander v. Gray,* 131 So. 639 (La. App. 2 Cir. 1938), *Byrum v. Hebert*, 425 So.2d 322 (La. App. 3 Cir 1982).[7]  *See also Russell v. Bridgens,* 264 Neb. 217, 647 N.W. 2d 56 (Neb. 2002), *Wachovia Bank and Trust Company v. Chambless,* 44 N.C. App. 95, 260 S.E.2d 688.

This Court finds no merit in the Defendant's argument that there is a public policy exception to this obligation.  Regardless of whether the out-of-state adoption decree contravenes Louisiana law or public policy, the obligation to recognize the judgment under the full faith and credit clause remains, in the words of the U.S. Supreme Court in *Baker*, "exacting."  *Baker,* 522 U.S. at 233. Therefore, the Plaintiffs are entitled to summary judgment on this issue, and the out-of-state adoption decree is entitled to full faith and credit.[8]

### C. Louisiana Out-of-State Adoption Statute

While Louisiana is required to give full faith and credit to the New York adoption decree, that does not mean that Louisiana must adopt New York's practice regarding the time, manner, and mechanisms for enforcing the judgment.  *Baker,* 522 U.S. at 235.  Enforcement measures remain subject to the evenhanded control of the forum's law.  *Id.* (citing *McElmoyle ex. rel Baily v. Cohen,* 13 Pet. 312, 10 L.Ed. 177 (1839)).  Therefore, it is necessary for this Court to determine the correct interpretation of the Louisiana out-of-state adoption statute.  The primary statute at issue is La. R.S. § 40:76, which governs the record of foreign adoptions.  It provides:

---

[7]  The U.S. Fifth Circuit Court of Appeals has also recognized Louisiana's longstanding policy of accepting "foreign-created status."  *See Kuchenig v. California Company,* 410 F.2d 222 (5th Cir. 1969).

[8]  Because the Plaintiff is entitled to summary judgment on this basis, this Court need not reach the issue of whether the Defendant has violated the Equal Protection Clause.

### § 76.  Record of foreign adoptions

A.  When a person born in Louisiana is adopted in a court of proper jurisdiction in any other state or territory of the United States, the state registrar may create a new record of birth in the archives upon presentation of a properly certified copy of the final decree of adoption or, if the case has been closed and the adoption decree has been sealed, upon the receipt of a certified statement from the record custodian attesting to the adoption decree.

B.  The decree is considered properly certified when attested by the clerk of court in which it was rendered with the seal of the court annexed, if there is a court seal, together with a certificate of the presiding judge, chancellor, or magistrate to the effect that the attestation is in due form.  The certified statement is considered proper when sworn to and having the seal of the foreign state or territory's record custodian.

C.  **Upon receipt of the certified copy of the decree, the state registrar shall make a new record in its archives,** showing:

(1) The date and place of birth of the person adopted.
(2) The new name of the person adopted, if the name has been changed by the decree of adoption.
(3) The names of the adoptive parents and any other data about them that is available and adds to the completeness of the certificate of the adopted child.

La. R.S. § 40:76 (Emphasis Added).

The Plaintiffs argue that La. R.S. § 40:76 expressly authorizes the Defendant to issue birth certificate for this out-of-state adoption, and that the Defendant's policy is based on a flawed interpretation.  The Defendant argues that Louisiana adoption law does not allow her to list two unmarried persons on a joint birth certificate, and that her discretion is limited by other adoption statutes.  Further, the Defendant claims that the Plaintiffs have failed to make the judgment executory under La. R.S. § 13:4241.

This Court finds that the out-of-state adoption statute, La. R.S. § 40:76, does authorize the

state registrar to issue a birth certificate upon receipt of the adoption decree.  Contrary to the

arguments of the Defendant, the plain language of the statute in § 40:76(C) specifically directs the

registrar to make a new record upon receipt of the adoption decree, and no limitations or restrictions

are present within the language of the statute.  The Defendant argues that other statutes, namely La.

R.S. § 40:34 and § 40:79, limit her discretion regarding the issuance of a new birth certificate.

However, the Court finds these arguments without merit, as neither statute specifically addresses

out-of-state adoptions in contrast to La. R.S. § 40:76.[9]  Rather, the Defendant's argument that these

statutes bar issuance of a birth record is undermined by the plain language of the out-of-state

adoption statute.  Further, the Defendant's interpretation is flawed because it would render the plain

language of La. R.S. § 40:76 meaningless by reading in restrictions and requirements that simply

are not present in the text of the statute.

In addition, the Court rejects the Defendant's assertion that the judgment must be made

executory before it can be enforced.  There is no language in La. R.S. § 40:76 requiring that an out-

of-state adoption decree be made executory, rather § 40:76(C) specifically provides that the state

registrar "shall make a new record" upon "receipt of a certified copy of the decree."  La. R.S. §

40:76 (C).  Further, certified out-of-state adoption decrees are distinguishable from a typical money

judgment that must be made executory before enforcement.  Finally, the Court notes that the 10th

Circuit Court of Appeals in *Finstuen* rejected a similar dilatory argument by the Defendant.  *See*

---

[9] La. R.S. § 40:34 contains general provisions regarding vital statistics records, and La.
R.S. § 40:79 covers records of adoption decrees.  However, the language in La. R.S. § 40:79
suggests that it applies to in-state adoptions, while La. § 40:76 applies specifically to out-of-state
adoptions.

*Finstuen v. Crutcher,* 496 F.3d 1139, 1153-1155 (10th Cir. 2007).  Therefore, the Court finds that La. R.S. § 40:76 expressly authorizes the state registrar to issue a new birth record upon receipt of a valid out-of-state adoption decree entitled to full faith and credit.

 Accordingly, and for the foregoing reasons;

      **IT IS ORDERED** that the **Motion for Summary Judgment (Rec. Doc. 27)** filed by Plaintiffs, Oren Adar and Mickey Ray Smith, individually and as parents and next friends of J.C.A.-S., a minor,  is **GRANTED.**

      **IT IS FURTHER ORDERED** that the Defendant, Darlene W. Smith, in her official capacity as State Registrar and Director, Office of Vital Records and Statistics, State of Louisiana Department of Health and Hospitals, shall issue an amended birth certificate pursuant to La. R.S. § 40:76(C) to J.C. A.-S. identifying Oren Adar and Mickey Ray Smith as the child's parents.

December 22, 2008

JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE

11